**In re J.T. REAL ESTATE INVESTMENTS, LLC, Debtor.**

**Infinity Real Estate Investments, LLC, Plaintiff**

v.

**Dustin Roach, Trustee, Defendant.**

**Bankruptcy No. 07–11754. Adversary No. 12–1177.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

June 25, 2013.

Robert L. Nicholson, Carson Boxberger LLP, Fort Wayne, IN, for Plaintiff.

Dustin M. Roach, Van Gilder & Trzynka, P.C., Fort Wayne, IN, for Defendant.

## DECISION

ROBERT E. GRANT, Chief Judge.

Jeff and Theresa Radabaugh are the owners of both the debtor and the plaintiff. Prior to the involuntary petition initiating the underlying bankruptcy case, the debtor fraudulently transferred two parcels of real estate to Theresa Radabaugh. The trustee successfully avoided those transfers pursuant to § 548 of the Bankruptcy Code and, through § 544(a), Indiana's Uniform Fraudulent Transfer Act. *See, Roach v. Radabaugh,* Case No. 07–11754, Adv. Pro. No. 08–1217. The properties were subsequently sold for approximately $142,000 and this adversary proceeding is a fight over the sale proceeds.

At the time the debtor transferred the two properties to Theresa Radabaugh, there were a number of unsatisfied judgments against her and those judgments immediately became liens upon the fraudulently conveyed real estate. I.C. 34–55–9–2. The judgment lienholders were not parties to the adversary proceeding that avoided the transfers and, just two days after the trustee filed a motion to sell the recovered properties, the judgments were assigned to the plaintiff. Based upon those assignments, the plaintiff claims a lien upon the sale proceeds and contends that they must first be distributed to it before anything can be distributed to the debtor's creditors. This adversary proceeding will determine whether or not that is so, and the matter has been submitted to the court for a decision on stipulations of fact and the briefs of counsel.

The Bankruptcy Code has a number of provisions that give the trustee the power to avoid transfers, but it is § 550 that specifies the entities from whom they can be recovered. 11 U.S.C. § 550. The trustee may recover not only from the original transferee, but also from any subsequent transferee. 11 U.S.C. § 550(a)(1), (2). Consequently, once a transfer has been avoided, the initial proposition is that the property may be pursued through any number of subsequent transactions so that it (or its value) may be recovered for the estate, thereby restoring the estate to the financial position it would have enjoyed had the transfer not been

made. *In re Acequia*, 34 F.3d 800, 812 (9th Cir.1994); *In re Andrew Velez Const., Inc.*, 373 B.R. 262, 274 (Bankr.S.D.N.Y. 2007); *In re Smoot*, 265 B.R. 128, 140 (Bankr.E.D.Va.1999); *In re Baker*, 17 B.R. 392, 395 (Bankr.W.D.N.Y.1982). Despite that goal, the trustee's ability is not without limits. The trustee may not recover from:

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee. . . . 11 U.S.C. § 550(b).

These limitations constitute affirmative defenses and so the party asserting them— here the plaintiff—bears the burden of proving that it has satisfied their requirements. *Smoot*, 265 B.R. at 140; *In re Toy King Distributors, Inc.*, 256 B.R. 1, 149 (Bankr.M.D.Fla.2000). The plaintiff argues that it has done so because the judgment lienholders satisfied the requirements of § 550(b)(1) and, as the assignee of those lienholders, it succeeds to their protected status. Plaintiff is wrong on both counts.

 The judgment lienholders from whom the plaintiff obtained its assignments do not qualify as transferees who took for value. Plaintiff claims they do because value includes securing a present or antecedent debt and when the judgment liens came into existence the liens did just that: created security for the debt represented by the judgments. But, before a transferee can take for value, it must first give something in exchange. *Cf., Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 897 (7th Cir.1988) ("[value in § 550(b)(1) ] looks to what the transferee gave up rather than what the debtor received."); *Matter of Hannover Corp.*, 310 F.3d 796, 802 (5th

Cir.2002) (value in § 548(c) asks how much did the transferee give). Plaintiff's assignors gave nothing for their liens, they simply sprang into existence—fully formed, as Athena from Zeus's head—when Theresa Radabaugh acquired the property. A judgment lienholder, whose lien attaches to property by operation of law, does not take for value. *See, Matter of Standard Law Enforcement Supply Co. of Wisconsin*, 74 B.R. 608, 612 (Bankr. E.D.Wisc.1987); *Geller v. Meek*, 496 N.E.2d 103, 109–10 & 111 (Ind.Ct.App. 1986). *See also, In re Agricultural Research & Technology Group*, 916 F.2d 528, 540 (9th Cir.1990) (distributions on account of partnership interest were not for value). Without having taken for value, the original judgment lienholders do not qualify for the defense of § 550(b)(1).

 Even if the judgment lienholders from whom the plaintiff acquired its rights satisfied the requirements of § 550(b)(1), as their transferee the plaintiff must also satisfy the requirements of § 550(b)(2). To do so it must prove that it is a "good faith transferee." 11 U.S.C. § 550(b)(2). "[S]ubsequent transferees who lack 'good faith' must stand and deliver." *Bonded Financial*, 838 F.2d at 896 n. 3. As explained by the legislative history:

The phrase "good faith" in this paragraph is intended to prevent a transferee from whom the trustee could recover from transferring the recoverable property to an innocent transferee, and receiving a retransfer from him, that is, "washing" the transaction through an innocent third party. In order for the transferee to be excepted from liability under this paragraph, he himself must be a good faith transferee. House Report No. 95–595, 95th Cong., 1st Sess. (1977) pp. 375–76: Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) p. 90, U.S.Code Cong. & Admin. News 1978, p. 5787, 6332.

A transferee lacks good faith if he possessed enough knowledge of the events to induce a reasonable person to investigate the voidability of the transaction. *Bonded Financial*, 838 F.2d at 897–98.

> If a transferee possesses knowledge of facts that suggest a transfer may be fraudulent, and further inquiry ... would reveal facts sufficient to alert him that the property is recoverable, he cannot sit on his heels, thereby preventing a finding that he has knowledge. In such a situation, the transferee is held to have knowledge of the voidability of the transfer. *In re Sherman*, 67 F.3d 1348, 1357 (8th Cir.1995).

The plaintiff has failed to prove that it qualifies as a good faith transferee. Quite the opposite, the stipulated facts reveal little more than an attempt at "washing" a fraudulent transfer through third parties so that the fraudulent transferee can try to keep its ill-gotten gains. Plaintiff is owned by the same two individuals that owned the debtor; the same two individuals that "participated in" (the court is tempted to say conspired in) the fraudulent transfer to Theresa Radabaugh;[1] both of whom were named as defendants in the action to avoid the transfer; and the plaintiff did not acquire any interest in the property until almost a year after the court's judgment, a scant ten days after the trustee sought to sell the recovered property. The plaintiff is not a good faith transferee and has no claim to any portion of the sale proceeds.

Judgment will be entered accordingly.

---

1. The deed conveying the property is part of the complaint in the original adversary proceeding avoiding the transaction. *See, Roach v. Radabaugh*, Case No. 07–11754, Adv. Pro. No. 08–1217, Doc. 1 (Exh. A—Corporate Deed). It is signed by Jeffery Radabaugh, as President of J.T. Real Estate, and conveys the property to Theresa Radabaugh.